IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-CV-132-F

| | |
|---|---|
| ALFRED G. GAGE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| GOLDEN CORRAL CORPORATION, | ) |
| | ) |
| Defendant. | ) |

This case comes before the court on the motion (D.E. 18) by plaintiff Alfred G. Gage ("plaintiff") requesting that the court not place any limit on the number of requests for admission each party may serve pursuant to Fed. R. Civ. P. 36. Defendant Golden Corral Corporation ("defendant") has filed a response (D.E. 23) arguing that plaintiff's request is moot. The court agrees with defendant that this issue was resolved by the Scheduling Order (D.E. 22 at 2)[1] in this case, which adopted a limit of 25 requests for admission for each party, as each party proposed in their respective proposed discovery plans (D.E. 15 ¶ 2(d); 16 ¶ 3(d)). If, however, after exhausting his permitted 25 requests for admission, good cause exists for plaintiff to serve additional requests for admission, he may move the court for such relief.

Accordingly, plaintiff's motion is DENIED without prejudice. At this time, the limit of 25 on the number of requests for admission permitted each party in the Scheduling Order remains in effect.

---

[1] The Scheduling Order provides that "the remaining portions of the Discovery Plan not modified herein are ADOPTED as the court's Order." (Sch. Order 2). The Scheduling Order did not modify the limit of 25 on the number of requests for admission proposed by both parties and the Scheduling Order therefore adopted it.

SO ORDERED, this the 13th day of May 2013.

_____
James E. Gates
United States Magistrate Judge

2