IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:13-CV-132-F

| ALFRED G. GAGE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| GOLDEN CORRAL CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

This case comes before the court on a motion (D.E. 28) by plaintiff Alfred G. Gage ("plaintiff") to compel discovery from defendant Golden Corral Corporation ("defendant"). The motion has been fully briefed (*see* D.E. 29, 30, 35, 36, 37)[1] and referred to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1)(A). (*See* Minute Entry after D.E. 32). The motion will be allowed in part, denied in part, and denied as moot in part.

## BACKGROUND

Plaintiff, who is proceeding pro se, commenced this action on 29 January 2013 in Wake County Superior Court. (Compl. (D.E. 1-1)). Defendant removed the case to this court on 25 February 2013. (Notice of Removal (D.E. 1)). In his amended complaint,[2] plaintiff alleges that he was formerly employed as a general manager by defendant from September 2004 until 22

---

[1] Plaintiff filed an amendment to his motion to compel (D.E. 29) to clarify the Federal Rule he is relying upon and a second amendment (D.E. 35) to include defendant's responses to his discovery requests that he neglected to include in his first filing. The substance of the motion to compel remains unchanged from the initial filing.

[2] The original complaint consisted of a complaint form completed in handwriting, including four internally inserted typewritten pages, docketed at pages 4 to 12 of D.E. 1-1. The amended complaint consists of a two-page amendment at D.E. 9, stating in effect that plaintiff is adding a North Carolina state law claim for wrongful termination; and a copy of the original complaint form, together with the inserted typewritten pages, docketed at pages 4 to 12 of D.E. 9-1. Although other documents were filed with both versions of complaint, the complaints themselves appear to be composed solely of the documents indicated. Page citations to the amended complaint are to page numbers assigned by the court's CM/ECF electronic filing system.

February 2012 at its Garner, North Carolina restaurant ("Garner restaurant"). (Am. Compl., D.E. 9-1 at 6 ¶ 5(B)(1)). Plaintiff maintains that he was unlawfully discharged from his employment in retaliation for his reporting of sexual harassment of a coworker by another general manager in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and the North Carolina Retaliatory Employment Discrimination Act. (*See id.*, D.E. 9 at 1; D.E. 9-1 at 6 ¶ 6(E); 8-9). He seeks back pay, reinstatement, and other relief. (*Id.*, D.E. 9-1 at 12 ¶ 12(A)-(C)). Defendant filed an answer generally denying plaintiff's allegations. (Am. Ans. (D.E. 13)).

During discovery, plaintiff served on defendant two sets of requests for admissions, two sets of interrogatories, and two sets of requests for production of documents. (*See* Def.'s Mem. (D.E. 30) 1; *see also* Def.'s Resp. to Pl.'s 2d Set of Prod. Reqs. (D.E. 30-1); Def.'s Resp. to Pl.'s 1st Set of Prod. Reqs. (D.E. 30-2); Def.'s Resp. to Pl.'s 1st Set of Interrogs. (D.E. 30-3); Def.'s Supp. Resp. to Pl.'s Prod. Reqs. (D.E. 30-4)). Following his receipt of defendant's responses to his discovery requests, plaintiff mailed two letters, dated 12 June 2013 and 17 June 2013, to defendant seeking supplemental responses to particular interrogatories and production requests. (12 Jun. 2013 Ltr. (D.E. 28-1); 17 Jun. 2013 Ltr. (D.E. 28-2)). Plaintiff moves to compel further responses to certain discovery requests he identified in those two letters.[3]

## APPLICABLE LEGAL STANDARDS

The Federal Civil Rules enable parties to obtain information, including documents, by serving requests for discovery on each other, among them interrogatories, requests for admission, and requests for production of documents. *See generally* Fed. R. Civ. P. 26-37. Rule 26 provides for a broad scope of discovery:

---

[3] For several discovery requests identified in his letter, plaintiff states that he "accept[s], but does not agree with" the reasons behind defendant's objections. The court presumes that plaintiff is not moving to compel production as to those discovery requests as to which he "accept[s]" defendant's responses.

2

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). The rules of discovery, including Rule 26, are to be given broad and liberal construction. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *Nemecek v. Bd. of Governors*, No. 2:98-CV-62-BO, 2000 WL 33672978, at *4 (E.D.N.C. 27 Sep. 2000).

While Rule 26 does not define what is deemed relevant for purposes of the rule, relevance has been "'broadly construed to encompass any possibility that the information sought may be relevant to the claim or defense of any party.'" *EEOC v. Sheffield Fin. LLC*, No. 1:06CV889, 2007 WL 1726560, at *3 (M.D.N.C. 13 June 2007) (quoting *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 473 (N.D. Tex. 2005)). Indeed, the standard for discoverability is not coterminous with that of admissibility at summary judgment or trial and is much broader. Fed. R. Civ. P. 26(b)(1); *Frank Betz Assoc., Inc. v. Jim Walter Homes, Inc.*, 226 F.R.D. 533, 536 (D.S.C. 2005) (recognizing that the standard for whether to allow a motion to compel discovery not limited by whether the information is admissible under the Rules of Evidence). "In a disparate treatment case, discovery should be 'reasonably related to the circumstances involved in the alleged discrimination and to a time frame involving the alleged discriminatory conduct and the individuals who are allegedly involved in that conduct.'" *Rodger v. Electronic Data Systems, Corp.*, 155 F.R.D. 537, 540 (E.D.N.C. 1994) (quoting *Hardrick v. Legal Services Corp.*, 96 F.R.D. 617, 618-19 (D.D.C. 1983)). The district court has broad discretion in determining relevance for discovery purposes. *Watson v. Lowcountry Red Cross*, 974 F.2d 482, 489 (4th Cir. 1992).

3

The party resisting discovery bears the burden of establishing the legitimacy of its objections. *Brey Corp. v. LQ Mgmt., L.L.C.*, No. AW-11-cv-00718-AW, 2012 WL 3127023, at *4 (D. Md. 26 July 2012) ("In order to limit the scope of discovery, the 'party resisting discovery bears the burden of showing why [the discovery requests] should not be granted.'" (quoting *Clere v. GC Servs., L.P.*, No. 3:10-cv-00795, 2011 WL 2181176, at *2 (S.D. W. Va. 2011))). In addition, the court may limit the extent of discovery otherwise allowable where "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii); *see also Basile Baumann Prost Cole & Assocs., Inc. v. BBP & Assocs. LLC,* No. WDQ-11-2478, 2013 WL 1622001, at *3 (D. Md. 9 Apr. 2013) ("Further, '[a]ll discovery is subject to the [proportionality] limitations imposed by Rule 26(b)(2)(C).'" (quoting Fed. R. Civ. P. 26(b)(1))). Rule 37 allows for the filing of a motion to compel discovery responses. *See* Fed. R. Civ. P. 37(a)(3)(B)(iv).

## ANALYSIS

**I.     Information regarding Boardman, Ohio Restaurant (Prod. Req. No. 1, 1st Set; Prod. Req. No. 1, 2nd Set; Interrog. No. 16, 1st Set) (Denied)**

Plaintiff seeks information for one of defendant's restaurants located in Boardman, Ohio, including details about general managers (*e.g.*, the performance evaluations of all general managers), sales, and profits. The rationale behind plaintiff's requests begins with defendant's stated reason for terminating him from the Garner restaurant that his "'leadership failed to make the restaurant successful and the financial results since 2006 have steadily declined.'" (12 June

4

2013 Ltr. 1 ¶ 1 (quoting with some changes the 22 Feb. 2012 termination letter (D.E. 35-1)[4]). Plaintiff argues that defendant did not terminate general managers at the Boardman, Ohio restaurant on grounds of financial underperformance even though it suffered much greater financial loss than the Garner restaurant. Thus, he argues that his own termination on such grounds demonstrates pretext for retaliation. In essence, plaintiff contends that the managers of the Boardman restaurant are potential comparators—that is, employees purportedly similarly situated to plaintiff who were treated less severely than plaintiff for similar conduct. *See Mercer v. North Carolina Dep't of Trans.*, No. 5:09-CV-379-FL, 2010 WL 5890394, at *5 (E.D.N.C. 23 Dec. 2010) (memorandum & recommendation), *adopted*, 2011 WL 780539 (28 Feb. 2011).

In determining whether two employees are similarly situated for comparator purposes, the court looks at all relevant factors, which include whether the individuals were disciplined by the same supervisor, the gravity of the offenses, and the seriousness of the punishments imposed. *Mercer*, 2010 WL 5890394, at *5; *see also Haywood v. Locke*, 387 Fed. Appx. 355, 359 (4th Cir. 2010) (holding that to show that a plaintiff is similar to a comparator, a plaintiff must provide evidence that the employees "dealt with the same supervisor, [were] subject to the same standards and . . . engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it"), *cert. denied.*, 131 S. Ct. 1491 (2011).

Defendant argues that the Boardman restaurant is in a different market and not under any of the same supervision or management as the Garner restaurant. It also argues that the Boardman restaurant had a different design, layout, and menu from the Garner restaurant.

---

[4] The referenced portion of the termination letter reads: "Your leadership of the Garner restaurant has failed to make the restaurant successful. Your financial results since 2006 have steadily declined." (Termination Ltr.).

5

The court finds that defendant has adequately established that general managers at the Boardman, Ohio restaurant are not potential comparators for purposes of plaintiff's retaliation claim and thus any relevance of information from this location to plaintiff's claims have not been demonstrated. For this reason, the portion of plaintiff's motion relating to Prod. Req. No. 1 in plaintiff's first set of requests for production; Prod. Req. No. 1 in plaintiff's second set of requests for production; and Interrogatory No. 16 in plaintiff's first set of interrogatories is DENIED.

**II.     Evaluations of Rob Chester (Prod. Req. No. 2, 2nd Set) (Allowed in Part)**

Plaintiff moves to compel production of evaluations of Rob Chester, the individual who served as the manager of the Garner restaurant prior to plaintiff, on the grounds that he is another potential comparator. Plaintiff seeks evaluations for Chester's entire seven-year tenure at that location. Defendant counters that Chester is not a valid comparator because Chester worked under a different district manager than plaintiff and the person who removed Chester as manager of the Garner store was not the same person who terminated plaintiff. Defendant further argues that since Chester's tenure at the Garner restaurant ended approximately seven years before plaintiff was terminated Chester's experience is too remote in time to be relevant.

While recognizing that Chester was not identically situated to plaintiff since he was supervised by different management, the court finds that plaintiff has sufficiently established Chester as a potential comparator to permit discovery regarding him. Chester held the exact same position as plaintiff; he did so immediately preceding plaintiff's employment; and despite alleged financial nonperformance, he was transferred rather than terminated. At least the latter portion of Chester's tenure at the Garner location is not so remote in time as to render

6

information about that period so stale as to be useless. The portion of plaintiff's motion relating to Production Request No. 2 in plaintiff's second set of production requests is accordingly ALLOWED IN PART. By 5 February 2014, defendant shall produce the performance evaluations for Chester for the last three years of his employment at the Garner restaurant.

**III.  Request for Admission No. 11 (Denied)**

Plaintiff's Request for Admission No. 11 asks defendant, "[w]ould you admit that the end of the period has not ended until the last employee has clocked out for the day on Wednesday of week four of the current period?" (Pl.'s 2d Am. to Mot. (D.E. 35) 1). Defendant gave the following response: "Defendant objects to this request on the grounds it is vague, seeks information not relevant to the litigation, and is not reasonably calculated to lead to the discovery of relevant information. The Request is not phrased in a manner that enables Defendant to formulate a response, is unintelligible, and is, therefore, denied." (Pl.'s Mem. (D.E. 35) 2). The court finds defendant's objection meritorious. The portion of plaintiff's motion relating to Request for Admission No. 11 is therefore DENIED.

**IV.  Requests Subject to Protective Order (Prod. Reqs. Nos. 3, 10, 11, 12, 1st Set) (Allowed)**

Plaintiff moves to compel responses to Production Requests Nos. 3, 10, 11, and 12 in his first production requests. Defendant responded to each of those requests indicating that it is prepared to produce responsive documents according to the terms of the Protective Order (D.E. 33) entered in this case. The portion of plaintiff's motion relating to Production Requests No. 3, 10, 11, and 12 is accordingly ALLOWED on the following terms: To the extent that defendant has not already produced the responsive documents sought in Production Requests Nos. 3, 10, 11, and 12, it shall make such production no later than 5 February 2014.

7

V.  **Information Regarding Grenelle Street Restaurant (Prod. Req. No. 4, 1st Set) (Allowed)**

Plaintiff seeks sales and profit history for a relatively new Golden Corral restaurant located on Grenelle Street in Raleigh, North Carolina ("Grenelle Street restaurant"). Plaintiff contends that the purported financial success of the Grenelle Street restaurant demonstrates that the relative lack of financial success at the Garner restaurant was due to the Garner restaurant's old, outdated building and not the result of his performance. Defendant argues that the Grenelle Street restaurant did not even open until after plaintiff was terminated and is based on an entirely different business model than the Garner restaurant. While a close question, the court finds that the proximity of the two restaurants may provide information that would allow plaintiff to develop his theory of the case. The portion of plaintiff's motion relating to Production Request No. 4 in plaintiff's first requests for production is accordingly ALLOWED on the following terms: Defendant shall provide plaintiff with sales and profit history for the Grenelle Street restaurant since its inception (subject, of course, to the terms of the Protective Order entered in this case). Defendant shall make such production no later than 5 February 2014.

VI.  **Evaluations of Rachel Higdon (Prod. Req. No. 8, 1st Set) (Denied)**

In Production Request No. 8 in his first set of production requests, plaintiff seeks the performance evaluations of Rachel Higdon, an employee of defendant, to show that she received favorable treatment "due to Golden Corral feeling guilty about how she was treated by one of their General Managers." (Pl's. Mem. 3). Defendant argues that plaintiff has not articulated how treatment of Higdon relates to any of the allegations in plaintiff's amended complaint or shown that her performance evaluations would reflect any such treatment. The court agrees with defendant. It is not clear what role Higdon is purported to play with respect to his claims and an

employee's performance evaluations are private in nature. The court accordingly finds that the discoverability of these documents has not been established. The portion of plaintiff's motion relating to Production Request No. 8 in plaintiff's first set of production requests is therefore DENIED.

### VII. Individuals with Input Concerning Plaintiff's Termination (Interrog. No. 2, 1st Set) (Denied)

Interrogatory No. 2 in plaintiff's first set of interrogatories asks defendant to identify all individuals who had input on the decision to terminate plaintiff. Subject to its objections, defendant responded with the name of the individual who made the decision to terminate plaintiff's employment. (Resp. to Interrog. No. 2 (D.E. 30-3) 2). Plaintiff disputes that the decision was made by only that individual. While plaintiff may disagree with the substance of defendant's answer, that disagreement does not warrant compelling defendant to answer further or differently. Accordingly, the portion of plaintiff's motion relating to Interrogatory No. 2 in plaintiff's first set of interrogatories is DENIED.

### VIII. Company-Wide Race Statistics (Interrog. No. 4, 1st Set) (Denied)

In Interrogatory No. 4 in his first set of interrogatories, plaintiff seeks a list of the racial demographics of all operations staff at the general manager or operating partner level and above who work for defendant. Plaintiff argues that this information is relevant because shortly before he was terminated, he commented that he wondered if defendant was prejudiced against African-Americans since the individual who was allegedly sexually harassed was African-American, while the alleged harasser was white. Defendant argues that the broad information sought in this request is not relevant because plaintiff has not asserted a race-based claim in this lawsuit. It further argues that even if he had, class-wide discovery would not provide information relevant

9

to such claims. The court agrees with defendant. Accordingly, the portion of plaintiff's motion relating to Interrogatory No. 4 in plaintiff's first set of interrogatories is therefore DENIED.

IX.     **Statements from Other Employees (Interrogs. Nos. 8-12, 1st Set) (Allowed in Part, Denied in Part, Denied as Moot in Part)**

In Interrogatories Nos. 8 and 12 in his first set of interrogatories, plaintiff asks defendant to obtain and produce a statement from two of defendant's employees concerning their personal relationship (Interrog. No. 8) and one from the individual he contends was sexually harassed (Interrog. No. 12). Defendant contends that plaintiff cannot properly utilize interrogatories to request defendant to obtain and produce statements from its employees. The court agrees. Nevertheless, defendant has agreed to supplement its responses to these interrogatories. Therefore, to that extent, the motion is ALLOWED as to these interrogatories. If it has not already done so, defendant shall supplement its interrogatory responses as agreed by 5 February 2014.

Plaintiff also seeks the creation and production of similar statements from three other employees in Interrogatories Nos. 9, 10, and 11 in his first set of interrogatories. Again, defendant contends that it is not proper for plaintiff to request that defendant obtain and produce statements from its employees by means of interrogatories. As to these interrogatories, defendant also argues that they concern employees who bear no relationship to the allegations in plaintiff's amended complaint. Because the court agrees that plaintiff cannot compel defendant to create and produce statements that do not otherwise exist in response to interrogatories, the portion of plaintiff's motion relating to Interrogatories Nos. 9, 10, and 11 in plaintiff's first set of interrogatories is DENIED.

## **CONCLUSION**

For the foregoing reasons, IT IS ORDERED as follows:

1. Plaintiff's motion (D.E. 28) to compel discovery is ALLOWED IN PART, DENIED IN PART, and DENIED AS MOOT IN PART on the terms specified.

2. Defendant shall serve with the additional documents it is ordered herein to produce duly signed supplemental responses to the production requests involved identifying by Bates number the particular documents being produced as to each such production request. Defendant shall serve with its supplemental responses to the interrogatories it is ordered herein to serve a verification for such responses.

3. Because the court finds that circumstances would make the award of expenses unjust, each party shall bear its own costs incurred in connection with the motion. *See* Fed. R. Civ. P. 37(a)(5).

SO ORDERED, this the 22nd day of January 2014.

_____
James E. Gates
United States Magistrate Judge