IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-132-F

| | |
|---|---|
| ALFRED G. GAGE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| GOLDEN CORRAL CORPORATION, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the Motion to Strike [DE-48] filed by Defendant Golden Corral Corporation. The *pro se* Plaintiff has responded, and this matter is ripe for ruling.

Defendant Golden Corral previously filed a motion for summary judgment [DE-38] seeking judgment on Plaintiff's claims under Title VII of the Civil Rights Act and the North Carolina Equal Employment Practices Act. Plaintiff timely filed his response, and Golden Corral, after receiving an extension of time, filed its reply. Eleven days later, Plaintiff, without permission from the court, filed a response to Golden Corral's reply brief.

Golden Corral promptly filed the Motion to Strike, arguing that under Federal Rule of Civil Procedure 12(f) and Local Civil Rule 7.1, Plaintiff's unauthorized "response" to the reply brief must be stricken for being in violation of the court's rule and for raising new issues to which Golden Corral does not have the opportunity to reply. Plaintiff opposes the Motion to Strike, stating that the new issues he raised are all part of his case, and also noting that he is still awaiting discovery from Golden Corral.

The court agrees with Golden Corral that Plaintiff's "response" [DE-46] was improperly filed

without leave from the court and in violation of the Local Rules. Accordingly, the court will not consider the "response" when ruling on the motion for summary judgment. The court, however, declines to "strike" the response, because Rule 12(f) only allows a court to strike pleadings. *See* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter."); *see also Int'l Longshoremen's Assn. Steamships Clerks Local 1624, AFL-CIO v. Virginia Int'l Terminals, Inc.*, 904 F. Supp. 500, 504 (E.D. Va. 1994) (concluding that summary judgment briefs and affidavits are not pleadings and therefore a Rule 12(f) motion could not be used to "strike" such documents).

Notwithstanding the foregoing, the court notes that since the parties completed the briefing of the motion for summary judgment, United States Magistrate Judge James E. Gates allowed, in part, Plaintiff's motion to compel discovery, and ordered Golden Corral to provide the additional discovery on or before February 5, 2014. Plaintiff should have an opportunity to respond to the motion for summary judgment with the benefit of this new discovery. Accordingly, Plaintiff may, if he so chooses, file a supplemental response to the motion for summary judgment on or before March 5, 2014. Golden Corral may file a supplemental reply within fourteen days of Plaintiff's filing of the supplemental response.

For the foregoing reasons, the Motion to Strike [DE-48] is ALLOWED to the extent it asks the court to exclude the "response" [DE-46] from the court's consideration of the pending motion for summary judgment. It is DENIED in all other respects. Additionally, the court ORDERS that Plaintiff has until March 5, 2014, to file a supplemental response to the motion for summary judgment, if he so chooses. Golden Corral may file a supplemental reply within fourteen days of Plaintiff's filing of the supplemental response.

2

SO ORDERED.

This the 31 day of January, 2014.

                                                      James C. Fox
                                                     Senior United States District Judge